Dear Mr. Wallis:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. On behalf of the Terrebonne Parish Consolidated Government, you have requested our opinion on several questions relating to a contract for labor and equipment services.
According to your request, the Terrebonne Parish Consolidated Government ("TPCG") has historically supplemented its labor and equipment resources with a contract for resources procured through the RFP process. The specific concern which gave rise to your opinion request involves the contractor's use of parish owned equipment and personnel.
Your request indicates that the contract in question is essentially a time and material contract, whereby the Parish pays an hourly rate for labor and an hourly rate for utilization of the contractor's equipment. According to your request, the use of parish owned equipment and personnel results from the fact that the contractor is either short handed with personnel or does not have the equipment available to do a certain job. In those instances where the contractor utilizes parish owned equipment and personnel, the TPCG does not pay the contracted rate for labor and equipment services.
Specifically, you ask the following:
 (1) Can Terrebonne Parish Consolidated Government allow the use of equipment and labor to Pike Utilities, who has a contract to provide their own equipment and labor under a time and material contract for Annual Electric Utility Labor and Equipment Services? *Page 2 
 (2) Can a contractor be awarded a contract by Terrebonne Parish Consolidated Government to provide labor and equipment and then be allowed to use the labor and equipment of the Terrebonne Parish Consolidated Government when they do not have the equipment or their equipment is unavailable? Under this scenario, the Terrebonne Parish Consolidated Government is not charged for labor and material use by the contractor.
 (3) Can a contractor use government owned property to fulfill the terms of the contract awarded to them?
 (4) Is it permissible to call on the unit components of the contract and direct the contractor (Pike) to have their skilled labor (lineman) utilize parish owned equipment including certified vehicles such as aerial lift trucks?
The questions presented must be addressed in light of Article VII, Sec. 14(A) of the Louisiana Constitution, which provides in pertinent part:
 (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private.
This office has consistently held that public property may not be used for a private purpose. See Attorney General Opinion No. 87-464. Further, with respect to the contract at issue, this office has long recognized the caution which must be exercised in the expenditure of public funds.
From your opinion request, it appears that the use of parish owned equipment is solely related to a public purpose. Further, in instances where the contractor utilizes parish owned equipment or personnel, TPCG does not pay the contractor for such use.
As such, we are of the opinion that the TPGC may permit a private entity to utilize parish-owned property for the scope of work contemplated by the Annual Electric Utility Labor and Equipment Services. Such use qualifies as a public purpose. Further, we are of the opinion that the TPGC may enter into a contract with a contractor to provide labor and equipment, provided all local rules and regulations are followed and the TPGC only pays for services actually rendered by the contractor and received by the TPGC. *Page 3 
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 BY:__________________________
 MICHAEL J. VALLAN Assistant Attorney General
 CCF, JR/MJV/crt